**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INNOVATIONS4FLOORING HOLDING, N.V.<br><br>Plaintiff,<br><br>v.<br><br>MOHAWK INDUSTRIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. _______________ |

## COMPLAINT

Plaintiff Innovations4Flooring Holding, N.V. ("I4F"), through its counsel, hereby alleges the following for its Complaint against Defendant Mohawk Industries, Inc. ("Mohawk"):

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, for the infringement of United States Patent No. 10,053,868 entitled "Floor panel and floor covering consisting of a plurality of such floor panels" ("the '868 patent"). A true and correct copy of the '868 patent is attached hereto as Exhibit A.

## PARTIES

2. I4F has a principal place of business at Landhuis Joonchi, Kaya Richard J. Beaujon z/n, Willemstad, Curacao.

3. I4F is the owner, by assignment, of the '868 patent which was duly and lawfully issued by the United States Patent and Trademark Office on August 21, 2018. I4F is an innovations group focused on the development of patents and technologies for the flooring industry. International patents and patent applications for I4F's technologies have been granted

and filed in over 100 countries worldwide. I4F licenses various technologies from its patent portfolio to numerous flooring manufacturers in the US and other countries.

4. Upon information and belief, Mohawk is incorporated in the State of Delaware and has a principal place of business at 160 South Industrial Blvd., Calhoun, Georgia 30701. Upon information and belief, Mohawk may be served via its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

## PERSONAL JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendant Mohawk is incorporated in the State of Delaware.

7. Upon information and belief, this Court has personal jurisdiction over Mohawk because Mohawk sells, has sold, offers, and has offered to sell infringing products in this District.

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

8. I4F repeats and re-alleges the averments contained in paragraphs 1 through 7 of this Complaint as if fully stated herein.

9. This is a claim for the infringement of the ’868 patent, a true and correct copy of which is attached as Exhibit A hereto.

10. The ’868 patent is valid and enforceable.

11. I4F is the owner of the entire right, title, and interest in and to the ’868 patent.

12. The ’868 patent and its claims relate generally to floor panels.

13. Mohawk is infringing claims 1, 2, and 3 of the ’868 patent, and will continue to infringe the ’868 patent unless enjoined by this Court.

14. Upon information and belief, Mohawk has manufactured and/or is manufacturing, using, importing, selling and/or offering to sell vinyl plank flooring using the Unipush® Technology from Unilin ("UNIPUSH") (the "Accused Products") in the United States and in this District. *See* Exhibit B and Exhibit C attached hereto. The Accused Products include, without limitation, the Mohawk Molveno collection, including, without limitation, Molveno Stones planks and Molveno Woods planks, and the Mohawk Prizefighter collection, and all similar products.

15. Upon information and belief, Unilin is a wholly-owned subsidiary of Mohawk.

16. Photos of the sides of representative floor panels showing the UNIPUSH locking system of the Mohawk Molveno collection are presented below:





Upward and Downward Tongue Sides of the Accused Product Locking Mechanism

17. Upon information and belief, all Accused Product floor panels include the locking mechanism identified and shown above in paragraphs 13-16 at least on their short sides.

18. Claim 1 of the '868 patent requires:

A floor panel, comprising:

a centrally located core provided with an upper side and a lower side,

at least one first resilient coupling part and second resilient coupling part connected respectively to opposite edges of the core,

which the first resilient coupling part comprises a single upward tongue, at least one upward flank lying at a distance from the upward tongue and a single upward groove formed between the upward tongue and the upward flank,

wherein:

at least a part of a side of the upward tongue facing toward the upward flank extends in the direction of the normal of the upper side of the core, and

at least a part of a side of the upward tongue facing toward the upward flank forms an upward aligning edge for the purpose of coupling the first resilient coupling part to a second resilient coupling part of an adjacent floor panel,

which the second resilient coupling part comprises a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank,

wherein:

at least a part of a side of the downward tongue facing toward the downward flank extends in the direction of the normal of the lower side of the core, and

at least a part of a side of the downward tongue facing away from the downward flank forms a downward aligning edge for the purpose of coupling the second resilient coupling part to a first resilient coupling part of an adjacent floor panel,

wherein the upward groove is adapted to receive at least a part of a downward tongue of an adjacent panel, and wherein the downward groove is adapted to receive at least a part of an upward tongue of an adjacent panel,

wherein said upper side of the upward tongue runs inclining downward in the direction of the side of the upward tongue facing away from the upward flank,

wherein an upper side of the downward groove having a corresponding inclining orientation upward in the direction of the side of the downward tongue facing towards the downward flank, and

wherein a side of the downward tongue facing away from the downward flank is provided with a locking element, and wherein the upward flank is provided with a counter-locking element, said locking element being adapted to cooperate with said counter-locking element of another floor panel.

19. Claim 2 of the '868 patent requires:

A floor panel, comprising:

a centrally located core provided with an upper side and a lower side,

at least one first coupling part and second coupling part connected respectively to opposite edges of the core,

which the first coupling part comprises a single upward tongue, at least one upward flank lying at a distance from the upward tongue and a single upward groove formed between the upward tongue and the upward flank,

wherein:

at least a part of a side of the upward tongue facing toward the upward flank extends in the direction of the normal of the upper side of the core, and

at least a part of a side of the upward tongue facing toward the upward flank forms an upward aligning edge for the purpose of coupling the first coupling part to a second coupling part of an adjacent floor panel,

which the second coupling part comprises a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank,

wherein:

at least a part of a side of the downward tongue facing toward the downward flank extends in the direction of the normal of the lower side of the core, and

at least a part of a side of the downward tongue facing away from the downward flank forms a downward aligning edge for the purpose of coupling the second coupling part to a first coupling part of an adjacent floor panel,

wherein the upward groove is adapted to receive at least a part of a downward tongue of an adjacent panel, and wherein the downward groove is adapted to receive at least a part of an upward tongue of an adjacent panel, and

wherein a side of the downward tongue facing away from the downward flank is provided with a locking element, and wherein the upward flank is provided with a counter-locking element, said locking element being adapted to cooperate with said counter-locking element of another floor panel.

20. Claim 3 of the '868 patent requires:

A floor panel, comprising:

a centrally located core provided with an upper side and a lower side,

at least one first resilient coupling part and second resilient coupling part connected respectively to opposite edges of the core,

which the first resilient coupling part comprises a single upward tongue, at least one upward flank lying at a distance from the upward tongue and a single upward groove formed between the upward tongue and the upward flank,

wherein:

a side of the upward tongue facing toward the upward flank includes a first portion and a second portion,

wherein the entire first portion extends from the upward groove to the second portion and extends in the direction of the normal of the upper side of the core, and

wherein the second portion extends from the first portion to a top surface of the upward tongue and forms an upward aligning edge for the purpose of coupling the first resilient coupling part to a second resilient coupling part of an adjacent floor panel,

which the second resilient coupling part comprises a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank,

wherein:

at least a part of a side of the downward tongue facing toward the downward flank extends in the direction of the normal of the lower side of the core, and

at least a part of a side of the downward tongue facing away from the downward flank forms a downward aligning edge for the purpose of coupling the second resilient coupling part to a first resilient coupling part of an adjacent floor panel,

wherein the upward groove is adapted to receive at least a part of a downward tongue of an adjacent panel, and wherein the downward groove is adapted to receive at least a part of an upward tongue of an adjacent panel, and

wherein a part of the upward flank extends in the direction of the normal of the upper side of the core.

21. The Accused Products include each and every element of claims 1, 2, and 3 of the ’868 Patent. As described and shown above in paragraphs 13-16, the Accused Products are floor panels which include a fold down locking system having the Unilin UNIPUSH® locking mechanism at least on the short sides.

22. The UNIPUSH® system as marketed by Unilin includes each and every locking mechanism element of the floor panels recited in claims 1, 2, and 3 of the ’868 patent. A Unilin diagram of the UNIPUSH® system is shown is shown herein below:



https://www.unilintechnologies.com/en/flooring/technologies/fold-down/unipush.

23. The Mohawk Molveno product includes a centrally located core provided with an upper side and a lower side, at least one first resilient coupling part and second resilient coupling part connected respectively to opposite edges of the core, which the first resilient coupling part

comprises a single upward tongue, at least one upward flank lying at a distance from the upward tongue and a single upward groove formed between the upward tongue and the upward flank (*see* ’868 Patent, claims 1-3), as shown in the below exemplary photo of the Mohawk Molveno product:



Upward Tongue Side of Accused Locking Mechanism (upward tongue circled)

24. The fold down locking system on the Mohawk Molveno product also includes at least a part of a side of an upward tongue facing toward an upward flank that extends in a direction of a normal of an upper side of a core, and at least a part of a side of the upward tongue facing toward the upward flank that forms an upward aligning edge for the purpose of coupling a first resilient coupling part to a second resilient coupling part of an adjacent floor pane (*see* ’868 Patent, claims 1-3), as shown in the below exemplary photo of the Mohawk Molveno product:



Upward Tongue Side of Accused Locking Mechanism (upward tongue circled)

25. The fold down locking system on the Mohawk Molveno product also includes a second resilient coupling part comprising a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank, wherein at least a part of a side of the downward tongue facing toward the downward flank extends in a direction of a normal of a lower side of a core, and at least a part of a side of the downward tongue facing away from the downward flank that forms a downward aligning edge for the purpose of coupling the second resilient coupling part to a first resilient coupling part of an adjacent floor panel (*see* ’868 Patent, claims 1-3), as shown in the below exemplary photo of the Mohawk Molveno product:



Downward Tongue Side of Accused Locking Mechanism (downward tongue circled)

26. The fold down locking system on the Mohawk Molveno product also includes an upward groove that is adapted to receive at least a part of a downward tongue of an adjacent panel, and a downward groove that is adapted to receive at least a part of an upward tongue of an adjacent panel (*see* '868 Patent, claims 1-3), as shown in the below exemplary photos of the Mohawk Molveno product:



Downward Groove (circled) in the Accused Locking Mechanism



Upward Groove (circled) in the Accused Locking Mechanism

27. The fold down locking system on the Mohawk Molveno product also includes an upper side of an upward tongue that runs inclining downward in a direction of a side of the upward tongue facing away from an upward flank, wherein an upper side of a downward groove has a corresponding inclining orientation upward in a direction of the side of the downward tongue facing towards a downward flank (*see* '868 Patent, claim 1), as shown in the below exemplary photos of the Mohawk Molveno product:



Upward Tongue Side of the Accused Locking Mechanism (upward tongue circled)



Downward Tongue Side of the Accused Locking Mechanism (downward groove circled)

28. The fold down locking system on the Mohawk Molveno product also includes a side of a downward tongue facing away from a downward flank that is provided with a locking element, and an upward flank that is provided with a counter-locking element, said locking element being adapted to cooperate with said counter-locking element of another floor panel (*see* '868 Patent, claims 1-2), as shown in the exemplary photos of the Mohawk Molveno product below:



Downward Tongue Side of the Accused Locking Mechanism (downward tongue circled)



Upward Tongue Side of the Accused Locking Mechanism (upward flank circled)

29. The fold down locking system on the Mohawk Molveno product also includes a side of an upward tongue facing toward an upward flank that includes a first portion and a second portion, wherein the entire first portion extends from the upward groove to the second portion and extends in a direction of a normal of an upper side of a core, and wherein the second portion extends from the first portion to a top surface of the upward tongue and forms an upward aligning edge for the purpose of coupling a first resilient coupling part to a second resilient coupling part of an adjacent floor panel (*see* ’868 Patent, claim 3), as shown in the exemplary photo of the Mohawk Molveno product below:



Upward Tongue Side of the Accused Locking Mechanism (upward tongue circled)

30. The fold down locking system on the Mohawk Molveno product also includes a part of an upward flank that extends in a direction of a normal of an upper side of a core (*see* ’868 Patent, claims 1-3), as shown in the exemplary photo of the Mohawk Molveno product below:



Upward Tongue Side of the Accused Locking Mechanism (upward flank circled)

31. Upon information and belief, the Prizefighter collection of vinyl plank flooring includes the Unilin UNIPUSH® locking mechanism in the same or a substantially similar manner as the Mohawk Molveno products identified in paragraphs 21 through 28. *See* Exhibit C.

32. I4F has been irreparably damaged and will continue to be irreparably damaged by reason of Mohawk's infringement of the '868 patent unless this Court restrains the infringing acts of Mohawk. I4F is without an adequate remedy at law.

33. As a result of Mohawk's infringement, I4F has suffered and will continue to suffer damages in an amount to be proven at trial.

34. Mohawk's infringement of the '868 patent has been, and continues to be, deliberate, willful and knowing, entitling I4F to treble damages. Mohawk has had notice of the '868 patent and specific allegations of infringement at least as early as December 5, 2018 when I4F sent a letter noting that use of UNIPUSH on floorboards in the United States would infringe

the ’868 patent. Having received such notice from I4F, Mohawk knew, or should have known, at least as of December 5, 2018, that its conduct incorporating UNIPUSH into the Accused Products amounted to infringement. Despite this knowledge, Mohawk has infringed and continues to infringe the ’868 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, I4F respectfully requests that the Court enter judgment:

A. in favor of I4F and against Mohawk on all of I4F’s claims;

B. permanently enjoining Mohawk, their officers, employees, agents, and those persons in active participation with them from infringing the ’868 patent;

C. adjudging that Mohawk infringes the ’868 patent;

D. ordering Mohawk to pay damages to I4F pursuant to 35 U.S.C. § 284, including interest from the dates of infringement, resulting from Mohawk’s infringement of the ’868 patent;

E. ordering I4F be awarded its costs of this action and reasonable attorneys’ fees pursuant to 35 U.S.C. § 284 and 285; and

F. ordering I4F be awarded such further relief as this Court may deem just and proper.

Dated: May 17, 2019

**DLA PIPER LLP (US)**

*/s/ Denise S. Kraft*

Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com
erin.larson@dlapiper.com

*Attorneys for Plaintiff Innovations4Flooring Holding, N.V..*

**OF COUNSEL**:

Anthony W. Brooks (*Pro Hac Vice* in process)
Daniel J. Murray (*Pro Hac Vice* in process)
**The Webb Law Firm**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburg, PA 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094
abrooks@webblaw.com
dmurray@webblaw.com