# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIONS4FLOORING HOLDING, N.V., | ) ) ) ) C.A. No. 19-927-MN ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| MOHAWK INDUSTRIES, INC., | |
| Defendant. | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Mohawk Industries, Inc. ("Mohawk" or "Defendant") hereby responds to Plaintiff Innovations4Flooring Holding, N.V.'s ("I4F" or "Plaintiff") Complaint as follows:

1. Defendant admits that Plaintiff purports to bring an action for patent infringement of U.S. Patent No. 10,053,868 ("the '868 Patent"), that the '868 Patent is entitled "Floor panel and floor covering consisting of a plurality of such floor panels," and that Plaintiff has attached a purported copy of the '868 Patent as Exhibit A. Defendant denies that Plaintiff has any viable claim thereunder.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2, and on that basis denies those allegations.

3. Defendant admits that the '868 Patent issued on August 21, 2018. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 3, and on that basis deny those allegations.

4. Defendant admits the allegations of Paragraph 4.

## PERSONAL JURISDICTION AND VENUE

5. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.

6. To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is required, Defendant admits that venue may lie in this District, but denies that venue is convenient for the parties or witnesses to this action. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

8. Defendant incorporates by reference its responses to Paragraphs 1 through 7 above as if fully repeated and restated herein.

9. Defendant admits that a purported copy of the '868 Patent is attached to Plaintiff's Complaint as Exhibit A. Defendant further admits that Plaintiff purports to bring a claim for the infringement of the '868 Patent in its Complaint. Defendant denies that Plaintiff has any viable claim thereunder.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11, and on that basis denies those allegations.

12. Defendant denies Plaintiff's characterization of the '868 Patent, as the patent speaks for itself.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant admits that Plaintiff purports to identify the Mohawk Molveno collection, Molveno stones planks and Molveno Woods planks, and the Mohawk Prizefighter collection as Accused Products. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant admits that Plaintiff purports to identify a photograph of the UNIPUSH locking system of the Mohawk Molveno collection in Paragraph 16. Defendant denies the remaining allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant admits that Claim 1 of the '868 Patent recites the words contained in Paragraph 18. Defendant denies that Plaintiff has any viable claim for infringement of Claim 1 of the '868 Patent.

19. Defendant admits that Claim 2 of the '868 Patent recites the words contained in Paragraph 19. Defendant denies that Plaintiff has any viable claim for infringement of Claim 3 of the '868 Patent.

20. Defendant admits that Claim 3 of the '868 Patent recites the words contained in Paragraph 20. Defendant denies that Plaintiff has any viable claim for infringement of Claim 3 of the '868 Patent.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits that Plaintiff purports to identify a diagram of the UNIPUSH® system from https://www.unilintechnologies.com/en/flooring/technologies/fold-down/unipush. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant admits that I4F sent a letter regarding the '868 Patent on December 5, 2018 to Defendant. Defendant denies the remaining allegations of Paragraph 34.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief or relief of any kind against Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, without waiver, limitation or prejudice, and without assuming any burden that would otherwise rest with Plaintiff, asserts the following Affirmative and Other Defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff.

RLF1 21689741v.1

## SECOND AFFIRMATIVE DEFENSE

## (Invalidity)

Claims 1, 2, and 3 of the '868 Patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

## (Non-Infringement)

Defendant has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the '868 Patent.

## FOURTH AFFIRMATIVE DEFENSE

## (Prosecution History Estoppel)

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application, which resulted in the issuance of the '868 Patent, Plaintiff is estopped from claiming infringement by Defendant of one or more claims of the '868 Patent.

## FIFTH AFFIRMATIVE DEFENSE

## (Unavailability of Injunctive Relief)

Plaintiff is not entitled to injunctive relief because: (i) any injury to Plaintiff is not immediate or irreparable; (ii) Plaintiff has an adequate remedy at law; (iii) the balance of hardships does not warrant a remedy in equity; and (iv) the public interest would be disserved by a permanent injunction.

RLF1 21689741v.1

## SIXTH AFFIRMATIVE DEFENSE

### (Not an Exceptional Case)

Plaintiff cannot prove that this is an exception case justifying the award of attorneys' fees against Defendant pursuant to 35 U.S.C. §§ 284 and/or 285.

## SEVENTH AFFIRMATIVE DEFENSE

### (Patent Marking)

Upon information and belief, Plaintiff's claim for damages under the '868 Patent is limited in whole or in part by 35 U.S.C. § 287 to those damages, if any, occurring after actual notice of infringement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Estoppel/Waiver)

Upon information and belief, Plaintiff's claims are barred by the equitable doctrine of unclean hands, estoppel, and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Unavailability of Enhanced Damages)

Plaintiff has failed to meet the pleading requirements for enhanced damages and, upon information and belief, has no basis in fact or law for enhanced damages.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to allege additional affirmative or other defenses as they become apparent during this litigation.

## **COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant hereby asserts as its Counterclaims to Plaintiff's Complaint as follows:

## NATURE AND BASIS OF ACTION

1. These Counterclaims seeks a declaration pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201, 2202, that Defendant does not infringe any valid, enforceable claim of the '868 Patent, and that the '868 Patent is invalid.

## PARTIES, JURISDICTION, VENUE, AND FACTUAL ALLEGATIONS

2. Mohawk is incorporated in the state of Delaware with a principal place of business at 160 South Industrial Blvd., Calhoun, Georgia 30701.

3. According to Paragraph 2 of Plaintiff's Complaint, I4F has a principal place of business at Landhuis Joonchi, Kaya Richard J. Beaujon z/n, Willemstad, Curaçao.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

5. This Court has personal jurisdiction over Plaintiff by virtue of the fact that it has submitted to the jurisdiction of this Court by bringing the instant action. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

6. On May 17, 2019, Plaintiff filed suit in this Court against Mohawk, alleging infringement of Claims 1-3 of the '868 Patent.

## COUNT I

**(Declaration of Non-Infringement of the '868 Patent)**

7. Mohawk reincorporates and realleges the allegations of Paragraphs 1 through 6 of the Counterclaims as if fully stated herein.

8. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Mohawk and Plaintiff with respect to the alleged infringement of the '868 Patent.

9. Mohawk is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or contribution, any valid, enforceable claim of the '868 Patent.

## COUNT II

**(Declaration of Invalidity of the '868 Patent)**

10. Mohawk reincorporates and realleges the allegations of Paragraphs 1 through 9 of the Counterclaims as if fully stated herein.

11. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Mohawk and Plaintiff with respect to the validity of the '868 Patent.

12. Each of the claims of the '868 Patent are invalid for failure to comply with one or more of the statutory provision of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112. By way of example, upon information and belief, U.S. Patent No. 8,365,499 renders the claims of the '868 Patent obvious under § 103, for at least the reasons explained in the Petition for *Inter Partes* Review, No. IPR2019-00517, styled *Valinge Innovation AB v. Innovations 4 Flooring Holding N.V.* As another example, upon information and belief, U.S. Publication No. 2010/0031594, U.S. Publication No. 2012/0266555, U.S. Publication No. 2011/0056167, and German Patent Application DE 199 33 343 render the claims of the '868 Patent anticipated and/or obvious under §§ 102 and 103, for at least the reasons explained in the Petition for *Inter Partes* Review, No. IPR2019-000766, styled *Flooring Industries Limited SARL v. Innovations 4 Flooring Holding N.V.*

13. Mohawk is entitled to a judicial declaration and order that the '868 Patent is invalid.

## JURY DEMAND

Mohawk demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, Mohawk prays that:

A. Plaintiff takes nothing by its Complaint;

B. Plaintiff's Complaint be dismissed in its entirety with prejudice, and judgment be entered for Defendant against Plaintiff on each and every count of the Complaint;

C. The Court enter a declaratory judgment that the '868 Patent is invalid, that Mohawk does not directly infringe, contributorily infringe, or induce infringement of the '868 Patent, and that Mohawk does not infringe under the doctrine of equivalents;

D. The Court finds this to be an exceptional case pursuant to 35 U.S.C. § 285 and awards Defendant its reasonable attorneys' fees;

E. All costs be taxed against Plaintiff; and

F. Mohawk be granted such other different and additional relief as this Court deems just and proper.

OF COUNSEL:

John D. Haynes
Siraj M. Abhyankar
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309
(404)-881-7000
john.haynes@alston.com
shri.abhyankar@alston.com

Dated: July 24, 2019

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302)-651-7705
farnan@rlf.com

*Attorneys for Defendant Mohawk Industries, Inc.*